IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCAS M. ORTIZ,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEB DOUGLAS CO,<br><br>    Defendant. | 8:17CV412<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on October 26, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska. He brings this action pursuant to 42 U.S.C. § 1983 against Douglas County, Nebraska and DCCC[1] for deliberate indifference to his serious medical needs. Plaintiff also alleges violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.

Plaintiff alleges that he was shot twice on February 24, 2017, and was taken by ambulance with police escort to UNMC Medical Center in Omaha, Nebraska. Plaintiff underwent surgery on February 28, 2017, to "remove shrapnel" and had

---

[1] Plaintiff did not list DCCC in the caption of the Complaint, but DCCC is identified as "Defendant" in the body of the pleading. *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

seven permanent screws and a metal rod placed in his left knee. ([Filing No. 1 at CM/ECF p.5](#).) Medical staff at UNMC informed Plaintiff that he "would need physical therapy to learn how to walk again." (*[Id](#)*.)

On March 3, 2017, Plaintiff was transferred to DCCC and placed in "Medical MOD." (*[Id](#)*.) Upon arrival at DCCC, Plaintiff alleges he had open wounds and, four months later, he "developed a severe infection and swelling that persist to this day [which] prevents total movement and is still leaking puss [sic]." (*[Id](#)*.) Plaintiff alleges that he was told by DCCC medical staff that he would not receive any type of physical therapy or help learning to walk again. (*[Id. at CM/ECF pp.4–6](#)*.) Presently, Plaintiff states his ability to ambulate is severely impaired and he "could becom[e] handicapped." (*[Id. at CM/ECF pp.4](#)*, [6](#).) Plaintiff seeks $20,000.00 in damages as compensation "for not receiving the rehabilitative therapy that is necessary to walk again." (*[Id. at CM/ECF p.8](#)*.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#)*, 550 U.S. 544, 569-70 (2007); *see also [Ashcroft v. Iqbal](#)*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff names Douglas County, Nebraska, and DCCC as Defendants in this suit. As an initial matter, DCCC is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit). Accordingly, any claims against DCCC are dismissed.

## A. Eighth Amendment

Plaintiff sues Douglas County for violations of his rights under the Eighth Amendment. To prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component, requiring the plaintiff to demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff does not name any individual defendants in his Complaint, but rather sues only Douglas County. A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

For a municipality to be found liable under section 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under section 1983. *Id.*

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. Nor does Plaintiff assert any underlying substantive claim against an individual defendant acting in accordance with a policy or custom. In other words, Plaintiff has not alleged that Douglas County has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his Eighth Amendment claim against Douglas County across the line from conceivable to plausible.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief may be granted against Douglas County or an individual responsible for Plaintiff's alleged injuries. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) ("[A] claim of medical indifference must be brought against those directly responsible for the prisoner's medical care.").

**B. ADA and Rehabilitation Act Claims**

Plaintiff alleges that he is "entitled to rehabilitation while in custody for any offense" under the Rehabilitation Act and the ADA. (Filing No. 1 at CM/ECF p.8.) Liberally construed, Plaintiff claims that he was denied physical therapy services necessary to regain full mobility after surgery for his gun shot injury in violation of the ADA and the Rehabilitation Act.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Title II of the ADA "unmistakably includes State prisons and prisoners within its coverage" and "services, programs, or activities" include medical care. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998); *see also Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). Under Title II, "'qualified individual[s] with a disability' are entitled to 'meaningful access' to such benefits." *Mason*, 559 F.3d at 886 (quoting *Randolph v. Rodgers*, 170 F.3d 850, 857–58 (8th Cir. 1999)).

Like the ADA, the Rehabilitation Act provides that no otherwise qualified individual with a disability shall be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Rehabilitation Act

defines "program or activity" to include "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b). "The ADA and the RA are similar in substance and, with the exception of the RA's federal funding requirement, cases interpreting either are applicable and interchangeable." *Randolph*, 170 F.3d at 858 (internal quotation marks and citations omitted).

> To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. The RA contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance.

*Id*. (citations omitted).

Plaintiff's Complaint fails to plausibly allege the elements of a claim under either the ADA or the Rehabilitation Act. In particular, Plaintiff has not alleged sufficient facts to support a finding of disability,[2] but rather alleges only that he "could becom[e] handicapped." (Filing No. 1 at CM/ECF p.4.) Even if sufficient facts were alleged to establish Plaintiff's disability, the Complaint suffers from a more fundamental defect—improper medical treatment decisions cannot serve as the basis for claims under the ADA or the Rehabilitation Act. *Shelton v. Arkansas Dep't of Human Servs.*, 677 F.3d 837, 843 (8th Cir. 2012) ("a claim based upon improper medical treatment decision[s] may not be brought pursuant to either the ADA or the Rehabilitation Act"); *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (neither ADA nor Rehabilitation Act claim may be based on medical treatment decisions); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294

---

[2] A person is disabled under the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is identified as a major life activity. 42 U.S.C. § 12102(2)(A). The Rehabilitation Act utilizes the same definition of disability as the ADA. *See* 29 U.S.C. § 705(9)(B).

(11th Cir. 2005) (Rehabilitation Act, like ADA, was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under Rehabilitation Act and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Moore v. Kohl*, No. 4:04CV3174, 2005 WL 2002084, at *1 (D. Neb. Aug. 16, 2005) ("a claim for negligent medical treatment for a disability is not actionable under the ADA or Rehabilitation Act").

Here, Plaintiff's allegations are directed at the medical services provided by Douglas County with his primary contention being that he was denied adequate medical care because he was not provided physical therapy for his injury. Allegations of insufficient medical care, negligent medical care, or an insufficient medical program are not cognizable claims under the ADA or Rehabilitation Act. *See Nottingham v. Richardson*, 499 Fed.Appx. 368, 377 (5th Cir. 2012) ("The ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners.'") (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Therefore, Plaintiff's claims under the ADA and Rehabilitation Act must be dismissed for failure to state a claim upon which relief can be granted.

**C. Conclusion**

Plaintiff's Complaint fails to state a plausible claim for relief under the Eighth Amendment, the ADA, or the Rehabilitation Act. However, the court will grant Plaintiff leave to file an amended complaint to state a plausible Eighth Amendment claim against Douglas County or an individual responsible for his alleged injuries.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Douglas County under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42

U.S.C. §§ 12101-12213, are dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff shall have 30 days to file an amended complaint that states a claim upon which relief may be granted under the Eighth Amendment. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline: **June 11, 2018**: check for amended complaint.

Dated this 10th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge